UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHA SAAD, HAMZA AHMED,
and YUSUF AHMED,

       Plaintiffs,

                                 Civil Case No. 18-12074
v.                             Hon. Linda V. Parker
                                Mag. Judge Stephanie Dawkins Davis

CARL RISCH, Assistant Secretary
for Consular Affairs, EDWARD
RAMOTOWSKI, Deputy Assistant
Secretary for Visa Services, MICHAEL
A. MCCARTHY, Consul General U.S.
Embassy-Johannesburg, South Africa,

       Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 8)

Plaintiff Maha Saad ("Saad") initiated this lawsuit requesting the Court order the Consulate in South Africa to make a determination on Saad's application for visas for her two minor sons, Hamza and Yusuf Ahmed. (Compl., ECF No. 1 at 1–2, Pg. ID 1–2.)  Defendants move to dismiss Plaintiffs' request for a writ of mandamus pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction. (Dismiss Mot., ECF No. 8 at 1, Pg. ID 68.)

The motion has been fully briefed, and the Court is dispensing with oral argument pursuant to Local Rule 7.1(f)(2). (ECF Nos. 8–10.)

## I. Factual and Procedural Background

Saad is a U.S. citizen and the mother of Hamza and Yusuf Ahmed, also Plaintiffs in this action. (Pl. Resp., ECF No. 9 at 7, Pg. ID 95.) Hamza and Yusuf were born in Mozambique in 2010, and currently they reside with their mother in South Africa. (*Id.*) On June 6, 2014, the U.S. Citizenship and Immigration Services (USCIS) approved Saad's two I-130 applications—petitions for alien relatives—on behalf of her two sons, Hamza and Yusuf. (Pl. Resp. at 7, Pg. ID 95; Dismiss Mot. at 8, Pg. ID 75.)

Plaintiffs allege Hamza and Yusuf appeared for an interview at the U.S. Consulate in Johannesburg, South Africa on April 12, 2016.[1] (Pl. Resp. at 7, Pg. ID 95.) Subsequent to the interview, the Consular Office requested that the immigrant visa applications be approved, asked for the passports to be sent to the consulate, and placed immigrant visas into the passports of Hamza and Yusuf. (*Id.*) These visas were later voided. (*Id.*)

---

[1] Defendants concede that the date referenced in their motion is incorrect due to a typographical error in the declaration of Chloe Dybdahl, and that the correct interview date and the correct date that the visa applications were refused was April 12, 2016. (Defs. Reply, ECF No. 10 at 3, Pg. ID 135; Am. Dybdahl Decl., ECF No. 10-2 at 1–2, Pg. ID 141–42.)

On May 16, 2016, the Consular Office emailed Saad informing her that her sons' immigrant visa applications "are still undergoing administrative processing in order to verify their qualifications for the visas. Administrative processing often lasts about 90 days, but in some instances, it can take significantly longer." (Pl. Exh. D, ECF No. 9-5 at 2, Pg. ID 122.) On April 05, 2017, the Consular Office again emailed Saad informing her that "some visa cases require additional processing, the completion time for this process cannot be determined. . . . The consulate is also unable to waive or influence the amount of time that this processing may take." (Pl. Exh. E, ECF No. 9-6 at 2, Pg. ID 124.) Plaintiffs claim that there has yet to be a determination on Saad's two sons' immigrant visa applications—and request this Court order the Consulate in South Africa to make a determination. (Pl. Resp. at 10, Pg. ID 98.)

## II. Subject Matter Jurisdiction

Defendants contend that this Court lacks subject matter jurisdiction. A motion under Rule 12(b)(1) to dismiss a complaint for lack of subject matter jurisdiction must be considered prior to other challenges since proper jurisdiction is a prerequisite to determining the validity of a claim. *See Gould v. Pechiney Ugine Kulmann & Trefimetaux*, 853 F.2d 445, 450 (6th Cir. 1988). Plaintiffs have the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "A Rule

12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Abbott v. Michigan,* 474 F.3d 324, 328 (6th Cir. 2007). Here, the Defendants lodge an attack on the factual basis for jurisdiction; therefore, this Court must weigh all the evidence and the burden of proof rests with Plaintiffs.

Defendants allege, providing a declaration in support from Chloe Dybdahl, an attorney adviser in the Bureau of Consular Affairs, that Hamza and Yusuf appeared for an interview at the U.S. Consulate in Johannesburg, South Africa. (Dismiss Mot. at 8, Pg. ID 75; Dybdahl Decl. ¶ 5, Pg. ID 88.) On that same date[2], however, the consular refused their immigrant visa applications pursuant to INA § 221(g), 8 U.S.C. § 1201(g), for administrative processing and a request for additional information concerning visa eligibility. (Dybdahl Decl. ¶ 5, Pg. ID 88.) Additionally, the electronic Consular Consolidated Database ("CCD"), which houses the records of immigrant and nonimmigrant visas, reflects that, on June 26, 2018, the consular requested information from Hamza and Yusuf's father, Abess Ahmed. (*Id.*) As of October 18, 2018, this request has not been fulfilled. (*Id.*)

---

[2] *See supra* n. 1.

In opposing the Defendants' evidence, Plaintiffs argue that Defendants have provided no proof of their allegations—except the declaration under penalty of perjury from an attorney in the Bureau of Consular Affairs. Considering all of the evidence, this Court concludes that, subsequent to their interviews, the immigrant visa applications for Hamza and Yusuf were refused and placed in administrative processing in order to verify their qualifications. That refusal was in fact a determination by the Consular, regardless of the additional information requested. *See* 22 C.F.R. § 42.81 (showing that a consular officer may continue to consider information submitted after a refusal). Thereafter, the father of Hamza and Yusuf was contacted for additional information. Although Plaintiffs challenge the Defendants' information, the reason for such challenge is not compelling. As such, the Court has no reason to doubt the accuracy or reliability of the records provided from the CCD. (*See* Defs. Exh. 1, ECF No. 10-2; Defs. Exh. 2, ECF No. 10-3; Defs. Exh. 3, ECF No. 10-4.) Hence, the Court concludes that the Consular has not received the requested information necessary to remove the visa applications from administrative processing after having already been refused.

The Consulate's determinations regarding immigrant visa applications are generally not subject to judicial review or interference. "[A]ny policy toward aliens is vitally and intricately interwoven with contemporaneous policies in regard to the conduct of foreign relations, the war power, and the maintenance of a

republican form of government [and s]uch matters are so exclusively entrusted to the political branches of government as to be *largely immune from judicial inquiry or interference*." *Harisiades v. Shaughnessy*, 342 U.S. 580, 588–89 (1952) (emphasis added); *see U.S. ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950) ("it is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien."); *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C. Cir. 1999) ("the doctrine [of consular non-reviewability] holds that a consular official's decision to issue or withhold a visa is not subject to judicial review, at least unless Congress says otherwise."); *see also Cobble v. U.S. State Dep't*, 22 F. Appx. 574 (6th Cir. 2001) (unpublished); *El-Mahdy v. U.S. State Dep't*, 25 F. Appx. 295, 296 (6th Cir. 2001) ("the federal courts have consistently held that they cannot review the visa decision of a consular office").

The very nature of Plaintiffs' request is to seek the Court's review and intervention into a determination of the Consular Office with regard to what Saad alleges as pending immigrant visa applications. However, Defendants have supplied this Court with sufficient evidence to demonstrate that Plaintiffs' immigrant visa applications were refused. (*See* Defs. Exh. 1, ECF No. 10-2; Defs. Exh. 2, ECF No. 10-3; Defs. Exh. 3, ECF No. 10-4.) Consequently, the present circumstance by no means is an instance expressly authorized by law, or an

instance in which this Court deems fit to intervene in the determination of the Consular Office. Therefore, the Court concludes that judicial inquiry, review, and interference is not appropriate or authorized here. Accordingly, the Court grants Defendants' motion to dismiss, and dismisses the Plaintiffs' complaint.

## III. Conclusion

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss (ECF No. 8), pursuant to Federal Rule of Civil Procedure 12(b)(1), is **GRANTED**; and

**IT IS FURTHER ORDERED**, that Plaintiffs' complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 15, 2019